UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
ROY LLOYD,                              )
                                                    )
    Plaintiff                              )
                                                    )
v.                                               )    Civil Action No.
                                                    )
SIMMS ASSOCIATES, INC.,          )
                                                    )
    Defendant                          )
_____)

## COMPLAINT

1.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides in this District and the events giving rise to this action occurred here.

## PARTIES

3. Plaintiff, ROY LLOYD, is an individual consumer residing in Malden, Middlesex County in the Commonwealth of Massachusetts.

4. Defendant, SIMMS ASSOCIATES, INC., is a corporation duly organized under the laws of DELAWARE, and has its principal place of business at 800 Pencader Drive, Newark, DE 19702.

5. Defendant regularly uses the mail and telephone in a business that the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates paragraphs 1 through 8.

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant sought to collect a consumer debt from Plaintiff and called Plaintiff dozens of times in an effort to collect said debt from in or around December 2011 to June 2012.

12. Defendant called Plaintiff on numerous occasions at all hours of the day, including but not limited to calling before 8 a.m. on or about April 10, 2012.

13. Defendant called Plaintiff excessively for more than six months in a manner which was intended to annoy, abuse or harass the Plaintiff.

14. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

17. On or about February 28, 2012, Plaintiff sent a letter to Defendant by certified mail stating that Plaintiff refused to pay the debt (attached hereto as Exhibit A).

18. On or about March 2, 2012, Defendant received said letter which was confirmed by return receipt (attached hereto as Exhibit B).

19. After receipt of said letter, Defendant called Plaintiff on, including but not limited to the following dates: March 5, 2012; March 6, 2012; March 7, 2012; March 8, 2012; March 12, 2012; March 13, 2012; March 14, 2012; March 15, 2012; March 16, 2012; March 19, 2012; March 21, 2012 and March 22, 2012.

## COUNT I
## PROHIBITED COMMUNICATIONS PRACTICES
## IN VIOLATION OF 15 U.S.C. § 1692c

20.     Plaintiff incorporates Paragraphs 1 through 19.

21.     After receiving Plaintiff's written notice of refusal to pay, Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of 15 U.S.C. § 1692c(c).  Defendant called the Plaintiff at unusual times, including but not limited to, on or about April 10, 2012 before 8 a.m. in violation of 15 U.S.C. § 1692c(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of the instant suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## HARASSMENT OR ABUSE IN VIOLATION OF 15 U.S.C. § 1692d(5)

22.     Plaintiff incorporates paragraphs 1 through 19.

23. Defendant called the Plaintiff's phone excessively for more than six months in a manner intended to annoy, abuse or harass Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 23.

25. Defendant made calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

26. The calls were made without the prior express consent of the Plaintiff.

27. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 222(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory damages for each violation of the TCPA;

b. Statutory damages for each knowing or willful violation of the TCPA;

c. Attorney's fees, litigation expenses and costs of suit; and

d. Such other further relief as the Court deems proper.

    Plaintiff,
    By his attorney

    /s/ Christian A. Gonsalves
    BBO#648326
    Post Office Box 110
    East Boston, MA 02128
    Tel: 617-970-1301
    Fax: 617-207-4349
    Email: gonsalveslaw@gmail.com

Dated: June 27, 2012